UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                                              Chapter 7

JOSE SALAZAR                                                        Case No. 06-22124 (SHL)

                Debtor.
------------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER DENYING
APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS**

Before the Court is an ex parte *Motion for Approval of Application for Unclaimed Funds* [ECF No. 90][1] (the "Motion"), which was submitted on behalf of Christopher Salazar ("Mr. Salazar") in the above-captioned case. The Motion requests the payment of $50,000 in unclaimed funds (the "Unclaimed Funds") to Mr. Salazar from the bankruptcy estate of the above-captioned debtor, Jose Salazar (the "Debtor").[2] *See* Motion at PDF Pg. 7 of 29. The Motion was filed by Lost & Found Today, LLC ("L&F") and includes a notarized copy of a *Power of Attorney for Finances (Limited Power)* (the "Power of Attorney") that permits L&F to act on behalf of Mr. Salazar for the purpose of claiming these monies in his name. *See id.* at PDF Pg. 19 of 29. The Motion asserts that the Debtor is deceased and that Mr. Salazar is entitled to the Unclaimed Funds as the Debtor's heir. *See id.* at PDF Pg. 7 of 29. For the reasons set forth below, the Motion is denied.

---

[1]     Unless otherwise indicated, references in this Memorandum of Decision to docket entries on the Case Management/Electronic Case Files ("ECF") system are to Case No. 06-22124.

[2]     The Unclaimed Funds are the proceeds of a homestead exemption that the Debtor was entitled to receive in his bankruptcy case. After having received the monies from a sale of the Debtor's assets, the Chapter 7 Trustee in the case attempted to contact the Debtor but was unable to do so. *See Motion Pursuant to Rule 3011* [ECF No. 50]. As a result, the Chapter 7 Trustee requested that the Unclaimed Funds be deposited with the Clerk's Office, and that request was granted by the Court. *See id.*; *see also Amended Order Granting Trustee's Motion Pursuant to Bankruptcy Rule 3011* [ECF No. 53]; *Corrected Order Amending February 4, 2015 Order Directing Deposit in Court's Registry Account* [ECF No. 70] (noting that the funds would remain in the Court's Unclaimed Dividends Account until they were reclaimed by the debtor). An *Order of Final Decree* [ECF No. 71] was subsequently entered and the case was closed.

## BACKGROUND

This Court's procedures for the recovery of unclaimed funds are detailed in the Court's *Instructions for Filing Application for Payment of Unclaimed Funds* (the "Instructions").[3]  The Instructions provide that, among other things, a party seeking the payment of any unclaimed funds must file a completed *Application for Payment of Unclaimed Funds*. *See* Instructions at Section II.a.  If no objection is filed to the application, the Court may consider the application and accompanying documentation without a hearing. *See id.* at Section II.H.

The Instructions state that "[s]ufficient documentation must be provided to the court to establish the Claimant's identity[4] and entitlement to the funds." *Id.* at Section II.b.2.  "[I]f the Applicant[5] is the Claimant's attorney or other representative," as is the case here, the following documentation is required to be provided:

i. Proof of identity of the representative (e.g., unredacted copy of driver's license, other state-issued identification card, or U.S. passport (front and back, clear colored copy of ID) that includes current address);
ii. A notarized power of attorney signed by the Claimant (or Claimant's authorized representative) on whose behalf the representative is acting; and
iii. Documentation sufficient to establish the Claimant's identity and entitlement to the funds, as set forth above in [Sections] A. Owner of Record and B. Successor Claimant.

*Id.* at Section II.C.  The Instructions provide that "[t]he Owner of Record is the original payee entitled to the funds appearing on the records of the court."  Instructions at Section II.A.  As the

---

[3]    The Instructions are available on the Court's website at: https://www.nysb.uscourts.gov/sites/default/files/pdf/Unclaimed%20funds/Instructions%20for%20Application%20for%20Unclaimed%20Dividends.pdf.

[4]    The Instructions provide that the Claimant "is the party entitled to the unclaimed funds." Instructions at Section II.a.  In the circumstances here, Mr. Salazar is the Claimant.

[5]    The Instructions provide that the "Applicant" is the "party filing the application." Instructions at Section II.a.  In this case, the Applicant is L&F.

Debtor was the individual entitled to the funds under the homestead exemption, the Court considers the Debtor to be the Owner of Record.

"If the Claimant is a successor to the original Owner of Record," as is also the case here, the following documentation is required:

    i.    Successor Claimant - Individual

    a.    Proof of identity of the successor Claimant (e.g., unredacted copy of driver's license, other state-issued identification card, or U.S. passport (front and back, clear colored copy of ID) that includes current address);
    b.    A notarized signature of the successor Claimant (incorporated in application); and
    c.    Documentation sufficient to establish chain of ownership or the transfer of claim from the original Owner of Record.

…..

    iii.    Deceased Claimant's Estate

    a.    Proof of identity of the estate representative (e.g., unredacted copy of driver's license, other state-issued identification card, or U.S. passport (front and back, clear colored copy of ID) that includes current address);
    b.    Certified copies of probate documents or other documents authorizing the representative to act on behalf of the decedent or decedent's estate in accordance with applicable state law (e.g., small estate affidavit); and
    c.    Documentation sufficient to establish the deceased Claimant's identity and entitlement to the funds.

*Id.* at Section II.B.

This is not the first request made by L&F in this case. Two prior applications by L&F for payment of the Unclaimed Funds to Mr. Salazar were denied for failure to provide necessary documentation. *See Deficiency Notice Re: Petition for Payment of Unclaimed Funds* [ECF No. 76] (noting that application was missing proof of notary in good standing and photo identification); *Order Denying Application for Payment of Unclaimed Funds* [ECF No. 80] (denying application due to failure to cure issues identified in deficiency notice); *Deficiency Notice Re: Petition for Payment of Unclaimed funds* [ECF No. 85] (noting that proof of notary in

3

good standing is required); *Order Denying Application for Payment of Unclaimed Funds* [ECF No. 87] (denying application due to failure to cure issues identified in deficiency notice).  This Motion is now the third request made by L&F for payment of the Unclaimed Funds to Mr. Salazar.

The current Motion filed by L&F includes the following documentation: (1) an *Application for Payment of Unclaimed Funds*; (2) a certification of status of Bryan E. Turner as a Notary Public in Maricopa County, Arizona; (3) the Motion itself; (4) a proposed order granting the Motion; (5) a *Request for Payee Information and TIN Certification*; (6) photo identification (front and back) for Charles Verney Stanley, Jr., a Vice President of L&F; (7) photo identification (front and back) for Christopher Jose Salazar; (8) a copy of a *Contract for Services* between Christopher Salazar and L&F; (9) a copy of the Power of Attorney executed by Christopher Salazar; (10) a copy of a *Declaration of Reissuance of Overpayment* by Christopher Salazar; (11) a *Certificate of Notary Status* stating that Joseph N. Kiarie holds a valid Notary Public Commission for the State of North Carolina; (12) a death certificate for Jose Ignacio Salazar Salazar [sic], written in the Spanish language, (13) an English language translation of the death certificate for Jose Ignacio Salazar Salazar [sic]; and (14) a birth certificate for Christopher Jose Salazar.

## **DISCUSSION**

Section 347 of the Bankruptcy Code states that ninety days after distributions are made in a Chapter 7 case, "the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28."  11 U.S.C. § 347(a).  Chapter 129 of title 28 includes two relevant provisions, Sections 2041 and 2042.  Under Section 2041, a court is permitted to release unclaimed funds to "the

rightful owners." 28 U.S.C. § 2041.[6] Section 2042 provides that such a release of unclaimed funds will take place only upon application to the court, with the claimant showing "full proof of the right thereto . . . ." 28 U.S.C. § 2042.[7] "The bankruptcy court has a duty to ensure that unclaimed funds are disbursed to the proper party." *In re Rodriguez*, 488 B.R. 675, 678 (Bankr. E.D. Cal. 2013). "[T]he burden rests on the applicant to prove that it is presently entitled to the unclaimed funds sought." *Id.*

In the *Rodriguez* case, the court discussed the showing that must be made for an individual claiming to be a deceased debtor's heir to recover unclaimed funds from the debtor's bankruptcy estate. The court focused on "the terms 'rightful owners' and 'full proof of the right thereto' in 28 U.S.C. §§ 2041 and 2042" and held that the claimant was required to show that he was "legally entitled to collect the decedent-[d]ebtor's property." *Id.* (quoting 28 U.S.C. §§ 2041, 2042). Although the claimant's application in *Rodriguez* was substantially in compliance

---

[6] Section 2041 provides:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.
>
> This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

28 U.S.C. § 2041.

[7] Section 2042 provides:

> No money deposited under section 2041 of this title shall be withdrawn except by order of court.
>
> In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

28 U.S.C. § 2042.

5

with that jurisdiction's guidelines, the court still found that the application fell short of establishing the claimant's right to collect the unclaimed funds under applicable law. *See id.* Noting that bankruptcy courts generally look to state law to determine property rights, the court examined California law to determine whether the claimant had established his legal entitlement to the unclaimed funds. *See id.* (citing *Butner v. U.S.*, 440 U.S. 48, 54-55 (1979)); *In re Eisenberg*, 2025 Bankr. LEXIS 757, at *11 (Bankr. W.D. Tenn. Mar. 31, 2025) ("Bankruptcy courts generally look to state law to determine property rights and the validity of wills."). Because the claimant had shown that the debtor had died without a will and that he was the sole heir to the debtor's estate, the court looked to the California Probate Code. *See In re Rodriguez*, 488 B.R. at 678. While the decedent's property had vested in the claimant under the California Probate Code, the Court concluded that the claimant could not immediately gain possession of the property because the claimant had not shown whether the decedent's estate had been administered and if the claimant was acting as the court-appointed personal representative in those proceedings with the right to collect the deceased debtor's property. *See id.* at 679. The court noted that while the claimant had submitted an affidavit of heirship, it did not establish the statutory prerequisites under the California Probate Code to permit the claimant to collect the funds on an expedited basis without the need to procure letters of administration or await probate. *See id.* If the claimant established that he met the requirements of the California Probate Code, the Court concluded, it would be sufficient to show that he had "full proof of the right" to the funds as required by 28 U.S.C. § 2042. *See id.*

Applying these same principles here, the Court concludes that the current Motion falls short. The Motion contends that Mr. Salazar is entitled to the Unclaimed Funds because he is the Debtor's heir. *See* Motion at PDF Pg. 6 of 29 (stating that Christopher Salazar is "[h]eir to [t]he

6

Estate of Jose Salazar"). Based on the *Declaration of Reissuance of Overpayment* [ECF No. 90] (the "Declaration") filed with the Motion, it appears that Mr. Salazar believes that the funds at issue here were originally sent to the address of 99 Pipetown Road, Rockland, N.Y. 10954, but that the Debtor never received the check.[8] *See* Declaration at PDF Pg. 21 of 29. In that same Declaration, Mr. Salazar states that "[m]y father died in El Salvador . . . [and] [m]y mother Sandra Vivar was divorced from my father many years prior to his death." *Id.*

As proof of his relationship with the Debtor, Mr. Salazar includes a copy of his birth certificate, listing his father as Jose Ignacio Salazar. *See* Motion at PDF Pg. 29 of 29. He also provides a copy of a death certificate from El Salvador for Jose Ignacio Salazar Salzar [sic], with the date of death listed as February 6, 2019. *See* Motion at PDF Pg. 26 of 29 (English translation of certificate); PDF Pg. 27 of 29 (original certificate in Spanish). But even taking these documents at face value as establishing that Mr. Salazar is the son of the deceased Debtor, Mr. Salazar still has not provided the documentation necessary to establish that he has a legal right to collect the Unclaimed Funds. For instance, Mr. Salazar has provided no evidence of whether the Debtor had a will and, if so, whether Mr. Salazar is listed as the executor or a beneficiary entitled to collect the Unclaimed Funds. To the extent that the Debtor died intestate, Mr. Salazar makes no showing of where the Debtor's estate is being probated, the status of such proceedings, who is the administrator of the estate in probate, or whether there are any other potential beneficiaries besides himself. *See, e.g.,* N.Y. S.C.P.A. § 206 (providing that New York Surrogate's Court has jurisdiction over the estate of any non-domiciliary decedent who leaves property in the state); N.Y. S.C.P.A. §§ 1002, 1303 (defining who may be an administrator if a decedent dies intestate).

---

[8] Mr. Salazar uses the term "overpayment," but it appears that he means the proceeds of the Debtor's homestead exemption that are the Unclaimed Funds here.

7

Without this information, the Court is unable to determine whether Mr. Salazar is legally entitled to collect the Unclaimed Funds consistent with the requirements of the Court's rules and the requirements of 28 U.S.C. §§ 2041, 2042. *See In re Rodriguez*, 488 B.R. at 678-79.[9]

Finally, this Court notes that the Motion presents an additional procedural issue. As previously discussed, this Motion is the third request made by L&F on Mr. Salazar's behalf. Each of the prior applications have included a *Request for Payee Information and TIN Certification* (the "Certification") that identifies the payee of the Unclaimed Funds as L&F. *See* ECF No. 75 at PDF Pg. 1 of 14; ECF No. 83 at PDF Pg. 8 of 25. Additionally, the electronic funds transfer information on the prior Certifications has identified the same bank account and routing number for L&F. *See id.* But the current Motion now lists the payee as Creditors Specialty Services, Inc., without any explanation as to who this entity is and how they relate to the request. *See* Motion at PDF Pg. 10 of 29. The Taxpayer Identification Number and the bank account number are also different from the prior request. *See id.* As all the information provided in the Motion and the contracts signed by Mr. Salazar reference L&F—and not Creditors Specialty Services, Inc.—the Court will not release any funds to Creditors Specialty Services, Inc. without an appropriate explanation and an evidentiary foundation establishing that entity's relationship with Mr. Salazar and why it is entitled to receive payment of the Unclaimed Funds.

---

[9] Consistent with the principle set forth in *In re Rodriguez*, this Court's requirements provide that a claimant who is an individual and is the successor to the original owner of record must include "[d]ocumentation sufficient to establish chain of ownership or the transfer of claim from the original Owner of Record." Instructions at Section II.B.

8

## **CONCLUSION**

For the reasons stated above, the Motion is denied.

**IT IS SO ORDERED.**

Dated: White Plains, New York
       March 10, 2026

                                    */s/ Sean H. Lane*
                                    UNITED STATES BANKRUPTCY JUDGE